UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Daniel H. Stevenson, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>United States of America, et al.,<br><br>    Defendants | Case No.: 2:21-cv-01284-JAD-NJK<br><br>**Order Adopting Report & Recommendation and Dismissing Action**<br><br>[ECF No. 3] |

    Plaintiffs filed this lawsuit without paying the required filing fee or submitting an application to proceed in forma pauperis. So, on July 16, 2021, the court ordered them to do so by August 6, 2021, warning them that the failure to do so would "result in a recommendation to the District Judge that this case be dismissed."[1] That deadline passed with no action, so the magistrate judge issued a report and recommendation to dismiss this case without prejudice.[2] The deadline for the plaintiffs to object to that recommendation similarly passed with no action. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[3] Having reviewed the R&R, I find good cause to adopt it, and I do.

    A court may dismiss an action based on a party's failure to prosecute his case or obey a court order.[4] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

---

[1] ECF No. 2.

[2] ECF No. 3.

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The court has also evaluated less drastic alternatives by issuing a warning to the plaintiffs that their failure to pay the fee or submit a completed pauper application would result in dismissal,[7] and the Ninth Circuit recognizes that such a warning satisfies the fifth factor's "consideration of alternatives" requirement.[8] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 3] is ADOPTED** in full;

IT IS FURTHER ORDERED THAT **this case is dismissed**. The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 8, 2021

---

[5] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] ECF Nos. 8, 9.

[8] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1237 (9th Cir. 2006).